UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEONARD J. DIFOGGI,

        Plaintiff,

                                          File No.  2:07-CV-73

v.

                                          HON. ROBERT HOLMES BELL

DARRELL HARP, et al.,

        Defendants.
                                     /

**MEMORANDUM OPINION AND ORDER**
<u>**CLARIFING THE COURT'S APRIL 22, 2008, OPINION**</u>

        Defendants Officer Darrell Harp, Officer John Weist, and Sergeant Melvin Sparks move for clarification of the Court's April 22, 2008, opinion.  (Dkt. No. 48, Mot. for Clarification.)  Plaintiff Leonard J. DiFoggi concurs in the request for clarification of the Court's April 22, 2008, opinion.  (Mot. for Clarification 2.)  The Court's April 22 opinion and order granted in part and denied in part Defendants' motion for summary judgment. (Dkt. No.43-44, 04/22/2008 Op. & Order.)  The Court granted Defendants' motion for summary judgment as to the Fifth Amendment claim, Sixth Amendment claim, and lawfulness of the stop, search, and arrest. (04/22/2008 Op. 15.)  The Court denied Defendants' motion for summary judgment as to Plaintiff's excessive force claim, qualified immunity, and state-law battery claim.  (*Id.*)

        Plaintiff alleges that the excessive force began at the point that Officer Harp took

Plaintiff to the ground. Defendants' motion for clarification asks whether the Court in fact divided the Plaintiff's excessive force claim into two parts: (1) the initial take down by Officer Harp and (2) the subsequent events on the ground.

The Court concluded that "Plaintiff's claims that the stop, search, and arrest violated his Fourth Amendment rights are barred by *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] . . . ." (04/22/2008 Op. 9.) Thus, there is no question as to the validity of the stop, search, and arrest of Plaintiff. However, the Court determined that there are "genuine issues of material fact as to whether Defendants' use of force was objectively reasonable" and that Defendants were not entitled to qualified immunity. (*Id.* at 13-14.) The Court did not bifurcate Plaintiff's excessive force claim as Defendants suggest. Plaintiff's excessive force claim for the events on March 17, 2006, must be evaluated based on the totality of the events that took place that night. *See Marvin v. City of Taylor,* 509 F.3d 234, 245 (6th Cir. 2007) ("The 'proper application [of the Fourth Amendment's objective reasonableness test] requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" (modification in *Marvin*) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989))). As the Court concluded that with respect to Plaintiff's Fourth Amendment excessive force claim there are genuine issues of material fact regarding the events on March 17, 2006, it will be for the jury to determine if Defendants' actions were unreasonable or egregious.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Officer Darrell Harp, Officer John Weist, and Sergeant Melvin Sparks's motion for clarification of the Court's April 22, 2008, opinion (Dkt. No. 48) is **GRANTED IN PART and DENIED IN PART**. Defendants' motion is granted to the extent that it requests clarification of the Court's April 22, 2008, opinion and denied with respect to the suggestion that the Court bifurcated Plaintiff's excessive force claim into two separate events.

**IT IS FURTHER ORDERED** that the Court's April 22, 2008, opinion is clarified as set forth in this opinion.

Dated:  July 30, 2008                               /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE